# THE UNITED STATES DISTRICT COURT
# THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HGM.,** *Plaintiff,* -Against- **JGV APPAREL GROUP, AND VICTOR GREEN,** *Defendants.* | **Index Number** **Verified Complaints** |

Plaintiffs, by and through their attorney, Mohammad Sawaeer, Esq., hereby interpose the following Verified Complaints upon information and belief:

## I. PARTIES:

1. HGM, an Egyptian company that is specialized in manufacturing clothing, and it's place of business is located at Al-Saqqariya Road, Abo El Nomros, Giza Egypt. (Plaintiff).

2. JGV Apparel Group, 1385 Broadway 3rd Fl, New York, NY 10018.

3. Victor Green, 1385 Broadway 3rd Fl, New York, NY 10018.

## II. BASIS FOR JURISDICTION

4. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws, or treaties is a federal question case. Under 28 U. S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case. The Subject Matter Jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "Diversity jurisdiction" in federal court under 28 U.S.C. § 1332 exists when two conditions are met. First, the amount in

controversy must exceed $75,000. Second, all plaintiffs must be of different citizenship than all defendants.

5. In the case at hand, the Plaintiff, HGM**.,** is an Egyptian company, and its place of business is located in Egypt., whereas the defendants **JGV APPAREL GROUP, AND VICTOR GREEN,** place of residence is located at 1385 Broadway 3rd Fl, New York, NY 10018 and therefore they are residents of the State of New York the matter that meet the first prong of the diversity under 28 U.S.C. § 1332.CHK.

6. The plaintiff seeks this court's order to direct the defendants to pay compensatory damages to the plaintiffs as a result of breach of contract in the amount that exceeds the statutory limit and meets the second prong under 28 U.S.C. § 1332.

7. Therefore, this court has jurisdiction to adjudicate this matter under 28 U.S.C. § 1332 based on the diversity of the parties and the amount in controversy that exceeds $75,000.00.

### III.     FACTUAL BACK-GROUND:

8. HGM is specialized in designing and manufacturing clothing.

9. HGM contracted with JGV Apparel Group, And Victor Green, to manufacture and ship ("39150") pieces of Active Bike Short of different types and sizes, in exchange JGV Apparel Group pledged to pay HGM the amount of ("**$63,951.00"),** Sixty-Three Thousand and Nine Hundred and Fifty-One US Dollars.

10. HGM designed and manufactured the agreed upon ("39150") pieces of Active Bike Short of different types and sizes and shipped all of the agreed upon clothes.

11. JGV Apparel Group, and Victor Green received all the agreed upon manufactured clothes and failed to pay to HGM the balance of the agreed upon transaction in the amount of ("**$63,951.00"),** Sixty-Three Thousand and Nine Hundred and Fifty-One US Dollars.

12. HGM demanded said payment and requested that JGV Apparel Group and Victor Green to comply with the agreement but Solo International still failed to comply.

    IV.     **AS FOR THE FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

13. A contract is a legally enforceable agreement generally based on mutual assent and supported by consideration. A party promises to pay a sum of monetary compensation in exchange for the other party's promise to do or refrain from doing something.

14. In addition, a contract is a legally binding agreement between two parties. The law will consider a contract to be valid if the agreement contains all of the following elements: 1) offer and acceptance; 2) an intention between the parties to create binding obligations; 3) consideration to be paid for the promises made; 4) legal capacity of the parties to act; 5) genuine consent of the parties.

15. The plaintiff and the defendants JGV Apparel Group entered into a contractual agreement according to which the Plaintiff performed all the agreed upon work and delivered same timely. The Defendant received the manufactured clothes from the Plaintiff and refused to pay the rightful contractual remaining payment in the amount of ("**$63,951.00"),** Sixty-Three Thousand and Nine Hundred and Fifty-One US Dollars.

16. Accordingly, the defendant materially breached the contract by intentionally denying the plaintiff's demands for its remaining payment.

17. The Plaintiff suffered a substantial loss as a result of JGV Apparel Group's breach of contract. And rendered the former unable to pay for its employees and material.

    V.      **AS FOR THE SECOND CAUSE OF ACTION, UNJUST ENRICHMENT.**

18. The doctrine of unjust enrichment allows a plaintiff to recover from a defendant, without the benefit of an enforceable contractual obligation, where the defendant has unfairly benefited from

the plaintiff's efforts without compensation. In New York, the elements of an unjust enrichment claim are "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011).

19. Upon information and beliefs, Victor Green, received ("39150") pieces of clothing from HGM and enriched itself on HGM's expense without any pay.

VI. **WHEREFORE:**

20. Plaintiff requests the court to enter monetary judgement against the defendants in (**"$63,951.00"),** Sixty-Three Thousand and Nine Hundred and Fifty-One US Dollars for the actual damages that they suffer before losing the business and as a result of losing the business itself.

21. Plaintiff requests the court to enter a monetary judgment against the defendants to remedy the Plaintiff lost business opportunity and profits as a result of the defendants' breach of contract which shall be determined upon a hearing with the help of experts.

22. Plaintiff requests this court to direct the defendants to pay the legal interest fee in the amount of 9% from the due date of July 7th, 2021.

23. Granting such other and further relief which the Court may deem just and proper.

In Brooklyn New York, August 22, 2022

*[signature]*

SAWAEER LAW OFFICE PLLC
Mohammad Sawaeer, Esq
Attorney for the Plaintiff
6915 5th Ave 2nd Floor
Brooklyn New York, 11209
Phone: 718.833.2290
Email: mohammad@sawaeerlaw.com

## ATTORNEY VERIFICATION

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, affirms: that the undersigned is the attorney for the Plaintiff in the within action; that the undersigned has read the foregoing Affirmation and knows the contents thereof; that the same is true to his knowledge, except as to those matters therein stated upon information and belief, and that as to those matters, he believes them to be true. The undersigned further says that the reason this affirmation is made by the undersigned is that the Plaintiff, HGM and its principal Mr. **Hossam Hassan Elanwar Saber Hassn** is located in the County of Egypt and outside of the United States of America where the undersigned maintains his practice.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

**Dated: August 22, 2022**

_____
**Mohammad Al Sawaeer, Esq**

THE UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HGM.**, *Plaintiff,* -Against- **JGV APPAREL GROUP, AND VICTOR GREEN,** *Defendants* | **Index Number** **<u>Verified Complaints</u>** |

**Pursuant to 22 NYCRR 130-1.1**

The undersigned, an attorney duly admitted to the practice of law in the State of New York, certifies that, upon information and belief and reasonable inquiry, that all of the papers that being served, filed or submitted to the Court in this forgoing action are not frivolous as defined in subsection (c) of Sec. 130-1.1 of the Rules of the Chief Administrator of the Courts.

August 22, 2022

*[signature]*

**SAWAEER LAW OFFICE PLLC**
Mohammad Al Sawaeer, Esq
Attorney for Plaintiffs
6915 5th Ave 2nd Floor
Brooklyn New York, 11209